■ ROBERT J. SCHLECKER, an Infant, by ROSEMARIE SCHLECKER, His Parent, et al., Respondents, v CONNETQUOT CENTRAL SCHOOL DISTRICT OF ISLIP, Appellant, et al., Defendant.—In an action to recover damages for personal injuries, the defendant Connetquot Central School District of Islip appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated March 17, 1988, which denied its motion for summary judgment dismissing the complaint as against it.

Ordered that the order is reversed on the law, with costs, the motion is granted, the complaint is dismissed as against the appellant, and the action against the remaining defendant is severed.

On March 4, 1983, shortly after the commencement of the school day at about 7:30 A.M., the defendant Byron Murtha, without first obtaining the required pass from his teacher, left the classroom, entered the hallway, and approached the plaintiff Robert J. Schlecker who was standing in front of his own locker. They exchanged a few words and then Byron allegedly hit Robert.

Assuming, arguendo, that there exists a triable issue of fact with respect to the appellant school district's allegedly negligent supervision, liability for any such negligent supervision

does not lie absent a showing that it constitutes a proximate cause of the injury sustained *(see, Alferoff v Casagrande,* 122 AD2d 183, 184).

At bar, there is no factual basis to conclude either that the appellant had any actual knowledge constituting "notice of a particular danger at a particular time" *(Lawes v Board of Educ.,* 16 NY2d 302, 306), or that the altercation which caused the injury was anything other than an unanticipated independent act of another student *(Rock v Central Sq. School Dist.,* 113 AD2d 1008, 1009). In short, there is no continuous chain of causation that could reasonably connect the appellant's allegedly negligent supervision to the plaintiff's injury.

Since the appellant's alleged negligence could not, as a matter of law, have caused plaintiff's injury, summary judgment is granted in favor of the appellant dismissing the complaint as against it. Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.