■ LAUREN DiMISA, an Infant, by Her Mother and Natural Guardian, LINDA DiMISA, et al., Appellants, v ELWOOD UNION FREE SCHOOL DISTRICT, Respondent. [703 NYS2d 732] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 4, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant, Elwood Union Free School District, made out a prima facie case of its entitlement to summary judgment. The infant plaintiff was injured when another student ran into her and fell on top of her during a relay race organized by her school as part of a "field day" competition. The infant plaintiff's unanticipated collision with her fellow student was the sole cause of her injuries. The relay race was adequately supervised by two physical education teachers and all five fourth-grade teachers. No other accidents occurred at this field day or during field days in the previous two years that would have put the defendant on notice that such relay races were dangerous (*see, Buckvar v Syosset Cent. School Dist.,* 148 AD2d 409).

In opposing the defendant's motion for summary judgment, the plaintiffs contended, *inter alia,* that the course of the relay race had been negligently designed. However, the affidavit of the plaintiffs' expert submitted in support of the negligent design claim was purely speculative, and therefore was insufficient to defeat the motion for summary judgment (*see, Fallon v Hannay & Son,* 153 AD2d 95). Despite the plaintiffs' attempt to raise factual questions, the undisputed proof establishes that the presence or absence of supervision was not a contributing factor to the happening of the accident (*see, Pitner v Brentwood Union Free School Dist.,* 254 AD2d 340; *Hauser v North Rockland Cent. School Dist. No. 1,* 166 AD2d 553; *Gattyan v Scarsdale Union Free School Dist. No. 1,* 152 AD2d 650). Thompson, J. P., Sullivan, Krausman and Smith, JJ., concur.