■ Jason Ancewicz, an Infant, by His Mother and Natural Guardian, Christine Ancewicz, et al., Respondents, v Western Suffolk BOCES, Appellant. [730 NYS2d 113] —In an action to recover damages for personal injuries, etc., the defendant appeals from an interlocutory judgment of the Supreme Court, Suffolk County (Bromley, J.), entered December 13, 1999, which, after a nonjury trial on the issue of liability only, is in favor of the plaintiffs and against it.

Ordered that the interlocutory judgment is reversed, on the law, with costs, and the complaint is dismissed.

On an appeal from a judgment rendered after a nonjury trial, this Court's standard of review is not limited to whether the trial court's verdict is against the weight of the evidence. This Court may "review * * * the record as a whole and * * * grant the judgment warranted" (*Matter of Hall v Barnes,* 225 AD2d

837, 839; *see also, Northern Westchester Professional Park Associates. v Town of Bedford,* 60 NY2d 492; *Altamuro v Capoccetta,* 212 AD2d 904; *Osland v Supnick,* 202 AD2d 712). In the exercise of our factual review power, we conclude that the plaintiffs failed to meet their burden of proving that the defendant was negligent, and that such negligence caused the infant plaintiff's injuries.

The accident occurred on April 1, 1996, when the infant plaintiff was 15 years old. Before the accident, the infant plaintiff was shooting a basketball along with another student. The infant plaintiff took a shot, and the ball missed the hoop, and bounced off to the side. The infant plaintiff ran after the ball, and collided with the other student who, unbeknownst to the infant plaintiff, was also running towards the ball. The infant-plaintiff testified, "[I] ran. I didn't expect him to ran [*sic*] because I shot, he was going to stand there, and what happened was I felt like a brick wall hit me hard, hit me hard, like a real force."

The accident was witnessed by a physical education teacher. She testified, "I remember the ball, the ball came off the rim and both boys went towards [it] to get the rebound of the ball and they jumped up to get the ball, they came down, [the infant plaintiff] landed rather awkwardly and fell to the floor and he yelled, 'my leg.' " When asked to specify the amount of time which elapsed between the moment that the ball bounced off the rim and the collision of the two boys, this witness responded, "seconds, it's just an instant, it came off and they jumped up to get the ball."

The plaintiffs' attempt to impose liability on the defendant is based on a theory of inadequate supervision. The plaintiffs focus on the fact that the infant plaintiff was a recipient of "special education services," due to what one report states was his "overall intellectual functioning falling near the 7 year old age level." As plaintiffs' counsel argued, in summation, that "[c]onstant supervision is necessary. [The infant plaintiff] needs intensive supervision."

The plaintiffs also focus on evidence tending to show that the infant plaintiff suffered from what his mother conceded was a mild case of cerebral palsy. However, the evidence also demonstrates that the plaintiffs' family doctor "cleared [the infant plaintiff] for full gym activities." With regard to physical activities engaged in by the infant-plaintiff outside of school, his mother testified, "I would let him go as far as he felt he could go."

Assuming that the infant plaintiff's condition warranted a

degree of supervision significantly greater than that which would be warranted in the case of a non-special education student, the evidence does not permit the conclusion that the defendant, or any of its agents, was negligent. Under the circumstances of this case, no amount of supervision, however intense, would have succeeded in preventing this accident. Accordingly, the plaintiffs failed to meet their burden of proving the element of causation (*see generally, Schlecker v Connetquot Cent. School Dist.*, 150 AD2d 548). Short of prohibiting children such as the infant plaintiff from engaging in physical activities, there is no way to insure that accidents such as this one will not occur, and the mere occurrence of such an accident is not probative of negligence.

Therefore, the interlocutory judgment must be reversed and the complaint dismissed. Bracken, P. J., Ritter, Goldstein and Feuerstein, JJ., concur.