■ KEITH E. HERNANDEZ, Appellant, v BOARD OF EDUCATION OF CITY OF NEW YORK, Respondent. [755 NYS2d 253] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated November 26, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, then a sixth-grade student, was injured when a fellow student allegedly intentionally tripped him during a graduation ceremony rehearsal.

The defendant sustained its burden of establishing that it had no actual or constructive notice of prior, similar misconduct (see Mirand v City of New York, 84 NY2d 44 [1994]). Even assuming, as the plaintiff contends, that the fellow student had prior disciplinary problems that were reported to school officials, the disciplinary problems were not of a nature to place the defendant on notice of the instant situation (see Morman v Ossining Union Free School Dist., 297 AD2d 788, 789 [2002]; Janukajtis v Fallon, 284 AD2d 428, 430 [2001]). In addition, there is no evidence to establish that any purported negligence on the defendant's part was the proximate cause of the injuries.

According to the plaintiff's testimony, the fellow student, who was standing behind him in line, tripped him by stepping on his heel. Under the circumstances, the incident happened in "so short a span of time that 'even the most intense supervision could not have prevented it'" (*Janukajtis v Fallon, supra* at 430, quoting *Convey v City of Rye School Dist.,* 271 AD2d 154, 160 [2000]; *see O'Neal v Archdioceses of N.Y.,* 286 AD2d 757 [2001]). Smith, J.P., Goldstein, Crane and Rivera, JJ., concur.