◼ STEPHANIE WALKER et al., Respondents, v COMMACK SCHOOL DISTRICT, Appellant. [820 NYS2d 287]—

In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 20, 2005, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed.

On October 18, 2002, the infant plaintiff, Stephanie Walker, was playing a game of "floor hockey" at the Commack Middle School. Another participant in the game accidently struck her in the mouth with the blade of a hockey stick, causing injuries to her teeth. In this ensuing action against the Commack School District (hereinafter the school district), the plaintiff alleged, in a supplemental bill of particulars, that the defendant was negligent in various respects, including its failure "to provide mouth protectors." The Supreme Court denied the school district's cross motion for summary judgment dismissing the complaint. We reverse.

The school district submitted evidence that included the affidavit of an expert who had taught physical education for 33 years. This affidavit was sufficient to make a prima facie showing that it was the "norm for school districts to require students to wear protective eyewear (i.e. goggles) but not mouth guards while playing floor hockey." In opposition, the affidavit of the

plaintiff's expert relied primarily on certain recommendations promulgated by the National Intramural-Recreational Sports Association (hereinafter NIRSA). However, there was no competent proof that the NIRSA recommendations regarding the use of mouth guards "establish or are reflective of a generally-accepted standard or practice in [middle school] settings" (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 545 [2002]). In this case, the plaintiff's expert "made no reference either to [his] own personal knowledge acquired through professional experience or to evidence that any [middle schools] have implemented [the NIRSA] standard" (*Diaz v New York Downtown Hosp., supra* at 545; *see also Carlino v Triboro Coach Corp.*, 22 AD3d 624 [2005]; *Tanon v Eppler*, 5 AD3d 667 [2004]; *Capotosto v Roman Catholic Diocese of Rockville Ctr.*, 2 AD3d 384 [2003]; *Ambrosio v South Huntington Union Free School Dist.*, 249 AD2d 346 [1998]; *cf. Delgado v Markwort Sporting Goods Co.*, 11 Misc 3d 1072[A], 2006 NY Slip Op 50528[U] [2006]).

The record also establishes as a matter of law that "no amount of supervision, however intense, would have succeeded in preventing this accident" (*Mayer v Mahopac Cent. School Dist.*, 29 AD3d 653, 655 [2006], quoting *Ancewicz v Western Suffolk BOCES*, 282 AD2d 632, 634 [2001]; *see also Soldano v Bayport-Blue Point Union Free School Dist.*, 29 AD3d 891 [2006]; *Capotosto v Roman Catholic Diocese of Rockville Ctr., supra*; *Sangineto v Mamaroneck Union Free School Dist.*, 282 AD2d 596 [2001]).

The parties' remaining contentions are without merit. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.