■ JAMES G. RONAN, an Infant, by His Mother and Natural Guardian, KATHLEEN GORDON RONAN, and His Father and Natural Guardian, DANIEL S. RONAN, et al., Appellants, v SCHOOL DISTRICT OF CITY OF NEW ROCHELLE, Respondent. [825 NYS2d 249]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 14, 2005, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

During gym class, the infant plaintiff was running toward one side of the gym when a student who was running ahead of him collided with a padded wall and fell to the ground, causing the infant plaintiff to trip over him and sustain injuries. The plaintiffs commenced this action to recover damages for the infant plaintiff's injuries, and the Supreme Court, inter alia, granted the defendant's motion for summary judgment dismissing the complaint.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Mayer v Mahopac Cent. School Dist.*, 29 AD3d 653 [2006]). "To find that a school district has breached its duty to provide adequate supervision, a plaintiff must show that the district had sufficiently specific knowledge or notice of the dangerous conduct and that the alleged breach was a proximate cause of the injuries sustained" (*Nocilla v Middle Country Cent. School Dist.*, 302 AD2d 573, 573 [2003]; *see Mirand v City of New York, supra*; *Siller v Mahopac Cent. School Dist.*, 18 AD3d 532 [2005]). Moreover, "[w]here an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the [defendant school district] is warranted" (*Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]; *see Walker v Commack School Dist.*, 31 AD3d 752 [2006]; *Mayer v Mahopac Cent. School Dist., supra*; *Siegell v Herricks Union Free School Dist.*, 7 AD3d 607 [2004]).

Here, the defendant established its entitlement to judgment as a matter of law through evidence that the accident was caused by a spontaneous and unforeseen act which could not have been prevented by any reasonable degree of supervision (*see Eberwein v Newburgh Enlarged City School Dist.*, 31 AD3d 492 [2006]; *see Cimafonte v Levittown Bd. of Educ.*, 299 AD2d 445 [2002]; *Lopez v Freeport Union Free School Dist.*, 288 AD2d 355 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Siegell v Herricks Union Free School Dist., supra*; *Janukajtis v Fallon*, 284 AD2d 428 [2001]; *Calabrese v Baldwin Union Free School Dist.*, 294 AD2d 388 [2002]; *DiMisa v Elwood Union Free School Dist.*, 269 AD2d 488 [2000]; *cf. Oliverio v Lawrence Pub. Schools*, 23 AD3d 633 [2005]; *Douglas v John Hus Moravian Church of Brooklyn, Inc.*, 8 AD3d 327 [2004]). Miller, J.P., Goldstein, Skelos and Fisher, JJ., concur.