■ JESSICA BENSON et al., Respondents, v UNION FREE SCHOOL DISTRICT #23, Appellant. [830 NYS2d 757]—

In an action to recover damages for negligent supervision, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), entered April 5, 2006, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The infant plaintiff allegedly was injured while attending the

defendant's summer camp program, when, as she was swinging on the rings in the defendant's playground, she lost her grasp and fell into a pile of sand beneath the rings. The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that there was adequate playground supervision and that a lack of supervision was not the proximate cause of the accident (*see Botti v Seaford Harbor Elementary School Dist. 6*, 24 AD3d 486 [2005]). While the plaintiffs contend that a heightened level of supervision was warranted under these circumstances, where the infant plaintiff suffered from a condition known as Erb's Palsy, this contention was belied by the deposition testimony of the infant plaintiff's mother that no doctor had ever restricted the scope of the activities in which the infant plaintiff could participate.

The evidence submitted by the plaintiffs in opposition to the motion failed to raise a triable issue of fact. The expert's affidavit failed to establish the foundation or the source of the standards underlying the expert's conclusion that the defendant should have provided more intense supervision. As such, the affidavit lacked probative force (*see David v County of Suffolk*, 1 NY3d 525, 526 [2003]). Schmidt, J.P., Spolzino, Krausman and Balkin, JJ., concur.