■ JACQUELYN MILBRAND, as Parent and Natural Guardian of C.L., an Infant, Respondent, v KENMORE-TOWN OF TONAWANDA UNION FREE SCHOOL DISTRICT, Appellant. [853 NYS2d 809]—

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her son while he was engaged in a game of "tape ball" during a physical education class. When plaintiff's son stepped on one of the rubber bases placed on the gymnasium floor for the tape ball game, the base slipped, and he fell. Plaintiff alleged that defendant negligently supervised her son and otherwise failed to provide him with proper equipment to engage in the tape ball game. Defendant moved for summary judgment dismissing the complaint, and Supreme Court denied the motion. We reverse.

It is well settled that, "[w]hile not insurers of the safety of students, schools are 'under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision' " (*Schrader v Board of Educ. of Taconic Hills Cent. School Dist.*, 249 AD2d 741, 742 [1998], *lv denied* 92 NY2d 806 [1998], quoting *Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Jennifer R. v City of Syracuse*, 43 AD3d 1326, 1327 [2007]). In carrying out that duty, schools are "obligated to exercise such care of their students 'as a parent of ordinary prudence would observe in comparable circumstances' " (*David v County of Suffolk*, 1 NY3d 525, 526 [2003], quoting *Mirand*, 84 NY2d at 49). To establish that a school district breached that duty, "a plaintiff must show that the district had sufficiently specific knowledge or notice of the dangerous conduct and that the alleged breach was a proximate cause of the injuries sustained" (*Ronan v School Dist. of City of New Rochelle*, 35 AD3d 429, 430 [2006]).

We conclude that defendant established its entitlement to summary judgment as a matter of law. Defendant submitted evidence that the physical education teacher was present throughout the class and that closer supervision could not have prevented plaintiff's son from suddenly slipping and falling (*see Swan v Town of Brookhaven*, 32 AD3d 1012, 1013-1014 [2006]; *see also Ronan*, 35 AD3d at 430; *see generally Mirand*, 84 NY2d at 49-50). Further, defendant submitted the affidavit of an expert who had taught physical education for over 30 years, and he asserted therein that defendant used appropriate equipment, i.e., rubber bases, for the tape ball game and that the rubber bases were used in their accepted manner (*see Walker v Commack School Dist.*, 31 AD3d 752 [2006]). The record further establishes that, prior to the incident, no one had sustained an injury from the use of the bases, nor had defendant otherwise been informed that the bases created a dangerous condition (*see Ronan*, 35 AD3d at 430). Plaintiff failed to raise a triable issue of fact in opposition to the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Walker*, 31 AD3d at 752-753). Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.