■ TAYLAN PACA et al., Appellants, v CITY OF NEW YORK et al., Respondents. [858 NYS2d 772]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated April 13, 2007, which denied their motion, inter alia, to strike the defendants' answer and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On March 22, 2005 the plaintiff Taylan Paca (hereinafter the

injured plaintiff) was injured during a gym class soccer match when another student playing the game kicked him in the ankle. The injured plaintiff, and his father suing derivatively, brought this action against the City of New York and the Board of Education of the City of New York to recover damages for injuries allegedly caused as a result of negligent supervision. At his examination before trial, the injured plaintiff testified that the kick was an "accident." During the deposition of the gym teacher who was supervising the class, the defendant's attorney refused to allow him to answer questions about any prior complaints regarding the other player's behavior toward students other than the injured plaintiff. Counsel asserted that such information was confidential under federal law and that its disclosure could be obtained only with the consent of the student's parents or through other proper procedure. The plaintiffs' attorney said that he would seek a ruling on the propriety of the questions, but there is no indication in the record that he ever did. Nor is there any indication that plaintiffs' counsel sought disclosure of that student's disciplinary records through proper procedure.

Instead, the plaintiffs filed a note of issue, and subsequently moved, inter alia, to strike the defendants' answer based on defense counsel's refusal to allow the gym teacher to answer the questions about the other student. The defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiffs' motion and granted the defendants' cross motion. We affirm.

Schools have a duty to adequately supervise students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York,* 84 NY2d 44, 49 [1994]; *Ronan v School Dist. of City of New Rochelle,* 35 AD3d 429, 430 [2006]). Nevertheless, schools are not insurers of their students' safety "for they cannot reasonably be expected to continuously supervise and control all movements and activities of students" (*Mirand v City of New York,* 84 NY2d at 49; *see De Los Santos v New York City Dept. of Educ.,* 42 AD3d 422 [2007]). In the context of injuries caused by fellow students, because a school cannot be held liable for "every thoughtless or careless act by which one pupil may injure another" (*Lawes v Board of Educ. of City of N.Y.,* 16 NY2d 302, 306 [1965]), a plaintiff must establish that school authorities had "sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York,* 84 NY2d at 49; *see Hernandez v*

*Christopher Robin Academy,* 276 AD2d 592 [2000]). Thus, a school's actual or constructive knowledge that the offending student had engaged in prior similar conduct is generally required (*see Mirand v City of New York,* 84 NY2d at 49).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating, through the injured plaintiff's own deposition testimony, that his injuries were caused by the other student's accidental conduct in the course of the soccer game and, given the attendant circumstances, that the incident occurred in such a short span of time that it could not have been prevented by the most intense supervision (*see Ronan v School Dist. of City of New Rochelle,* 35 AD3d at 430; *Walker v Commack School Dist.,* 31 AD3d 752, 753 [2006]; *Mayer v Mahopac Cent. School Dist.,* 29 AD3d 653, 654 [2006]; *Hernandez v Board of Educ. of City of N.Y.,* 302 AD2d 493, 494 [2003]; *Convey v City of Rye School Dist.,* 271 AD2d 154, 160 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' contention that the Supreme Court improperly denied their motion, inter alia, to strike the defendants' answer is without merit (*see* CPLR 3126). Striking a defendant's answer is a drastic remedy that is "inappropriate absent a clear showing that the failure to comply with discovery demands was willful and contumacious" (*Brandes v North Shore Univ. Hosp.,* 22 AD3d 778 [2005], quoting *Jenkins v City of New York,* 13 AD3d 342 [2004]). Here, there is no evidence that the defendants' refusal to answer questions about the other student's alleged disciplinary record or prior behavior was willful or contumacious. Additionally, given the injured plaintiff's repeated characterization of the incident as an accident, the other student's disciplinary records were of little or no relevance to the plaintiffs' claim of negligent supervision.

The plaintiffs' remaining contentions are without merit. Fisher, J.P., Santucci, Balkin and Belen, JJ., concur.