■ TONI SCARITO, Respondent, v ST. JOSEPH HILL ACADEMY et al., Appellants. [878 NYS2d 460]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated July 16, 2008, which granted the plaintiff's motion for leave to reargue the defendants' prior motion for summary judgment dismissing the complaint, which had been granted in an order dated May 27, 2008, and upon reargument, in effect, vacated so much of the order dated May 27, 2008, as granted the defendants' motion for summary judgment dismissing the complaint and thereupon denied that motion.

Ordered that the order dated July 16, 2008, is modified, on the law, by deleting the provision thereof, upon reargument, in effect, vacating so much of the order dated May 27, 2008, as granted the defendants' motion for summary judgment dismissing the complaint and thereupon denying the motion, and substituting therefor a provision, upon reargument, adhering to so much of the order dated May 27, 2008, as granted the defendants' motion for summary judgment dismissing the complaint; as so modified, the order dated July 16, 2008, is affirmed, with costs to the defendants.

The plaintiff brought this action to recover damages after her son, Anthony, allegedly was injured while playing a game of "speed soccer" during his physical education class. In speed soccer, two teams consisting of three players each attempt to score points during one minute of play. Anthony was in possession of the ball, and he was attempting to kick the ball when another student, who also was attempting to kick the ball, kicked Anthony's right shin instead.

The defendants moved for summary judgment dismissing the complaint, contending that the accident could not have been prevented by the most intense supervision. The Supreme Court granted the motion. The plaintiff moved for leave to reargue, contending that the Supreme Court failed to address her argument that the defendants had failed to provide adequate safety equipment in the form of shin guards. The Supreme Court agreed and permitted oral argument, during which the Supreme Court directed the parties to submit to the court any formal written rule, law, or regulations that required the use of shin guards in soccer competition. In response, inter alia, the plaintiff

submitted information posted on the Web site of the Federation Internationale de Football Association (hereinafter FIFA) as of June 27, 2008, as well as excerpts from the United States Soccer Federation's "Laws of the game 2007/2008." Upon reargument, the Supreme Court, in effect, vacated so much of the order dated May 27, 2008, as granted the defendants' motion for summary judgment dismissing the complaint and thereupon denied that motion. We modify.

The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to reargue since it admittedly did not consider the plaintiff's argument that the defendants allegedly failed to provide Anthony with adequate safety equipment. However, it should not have directed the parties to submit any additional evidence (see CPLR 2221 [d]). In any event, upon reargument, the Supreme Court should have adhered to its original determination granting the defendants' motion for summary judgment. The defendants established their entitlement to judgment as a matter of law by demonstrating that Anthony's injuries were caused by the other student's accidental conduct in the course of the soccer game and, given the attendant circumstances, that the incident occurred in such a short span of time that it could not have been prevented by the most intense supervision (see Paca v City of New York, 51 AD3d 991 [2008]; Ronan v School Dist. of City of New Rochelle, 35 AD3d 429 [2006]; Walker v Commack School Dist., 31 AD3d 752 [2006]; Mayer v Mahopac Cent. School Dist., 29 AD3d 653 [2006]; Hernandez v Board of Educ. of City of N.Y., 302 AD2d 493 [2003]; Convey v City of Rye School Dist., 271 AD2d 154, 160 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact. In their original opposition papers, the plaintiff submitted an expert affidavit to support their contention that the defendants were negligent in failing to provide a shin guard during the game. The plaintiff's expert, however, failed to cite to any statute, regulations, or guidelines which stated that shin guards were necessary, and his affidavit was insufficient to raise a triable issue of fact (see Benson v Union Free School Dist. #23, 37 AD3d 748, 749 [2007]). Additionally, there was no competent proof that there were any FIFA regulations or United States Soccer Federation Laws regarding the use of shin guards which were in effect at the time of the accident. Assuming that such regulations or laws existed at the time of the accident, there was no competent proof that they reflected a generally-accepted standard or practice in middle school settings (see Walker v Commack School Dist., 31 AD3d 752, 753 [2006]; Capotosto v Roman Catholic Diocese of Rockville Ctr., 2 AD3d 384 [2003]).

The plaintiff's remaining contention is without merit. Santucci, J.P., Belen, Lott and Austin, JJ., concur.