CHARLES NICHOLAS ALBERT ODEKIRK et al., Respondents, v BELLMORE-MERRICK CENTRAL SCHOOL DISTRICT, Appellant. [895 NYS2d 184]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), dated June 29, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On March 30, 2006, the infant plaintiff (hereinafter the plaintiff) was injured while playing a game of floor hockey during his physical education class. According to the plaintiff, he was struck on his left hand by the blade of an opposing player's hockey stick. The incident occurred accidently and without warning despite the opposing player having "swung as he was supposed to." The plaintiff by his mother and his mother individually commenced this action against the defendant Bellmore-Merrick Central High School District alleging a failure to adequately supervise the students. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint, finding triable issues of fact as to the adequacy of the supervision. We reverse.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foresee-

able injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Even assuming there is a triable issue of fact as to the adequacy of supervision, " 'liability for any such negligent supervision does not lie absent a showing that it constitutes a proximate cause of the injury sustained' " (*Mayer v Mahopac Cent. School Dist.*, 29 AD3d 653, 654 [2006], quoting *Lopez v Freeport Union Free School Dist.*, 288 AD2d 355, 356 [2001]; *see Siegell v Herricks Union Free School Dist.*, 7 AD3d 607, 608-609 [2004]; *Schlecker v Connetquot Cent. School Dist. of Islip*, 150 AD2d 548 [1989]). "[W]here . . . an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, lack of supervision is not the proximate cause of the injury" (*Soldano v Bayport-Blue Point Union Free School Dist.*, 29 AD3d 891, 891 [2006] [internal quotation marks omitted]; *see Walker v Commack School Dist.*, 31 AD3d 752 [2006]; *Mayer v Mahopac Cent. School Dist.*, 29 AD3d 653 [2006]; *Ancewicz v Western Suffolk BOCES*, 282 AD2d 632 [2001]).

The defendant met its prima facie burden of demonstrating that the alleged inadequate supervision was not a proximate cause of the injuries suffered. In opposition, the plaintiffs failed to raise a triable issue of fact as to causation. Here, the plaintiff's injuries were caused by an incident that "occurred in such a short span of time that it could not have been prevented by the most intense supervision" (*Scarito v St. Joseph Hill Academy*, 62 AD3d 773, 775 [2009]; *see Paca v City of New York*, 51 AD3d 991 [2008]; *Knightner v William Floyd Union Free School Dist.*, 51 AD3d 876 [2008]).

The plaintiffs' allegation that the defendant failed to sufficiently instruct its students was improperly asserted for the first time in opposition to the defendant's motion for summary judgment (*see Harrington v City of New York*, 6 AD3d 662, 663 [2004]; *Alvarez v Lindsay Park Hous. Corp.*, 175 AD2d 225 [1991]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Leventhal, Lott and Austin, JJ., concur.