◼ NIKKI HARRIS, Respondent, v FIVE POINT MISSION—CAMP OLMSTEDT, Appellant. [901 NYS2d 678]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Schack, J.), dated July 17, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On the morning of July 29, 2006, the then $13^1/_2$-year-old infant, Devante Harris (hereinafter Devante), allegedly was injured while playing soccer at the sleepaway summer camp operated by the defendant, Five Point Mission—Camp Olmstedt. According to Devante's deposition testimony, the accident happened over a 15-second period of time. After Devante fell while attempting to kick a soccer ball, another camper, attempting to kick the same ball, made contact with Devante's leg and then fell on Devante's leg. At the time of the accident, there were two counselors supervising the soccer game, while acting as opposing goalies, one of whom was only 12 feet away from Devante when the accident occurred. Furthermore, during the hour before the accident occurred, neither Devante nor anyone else

fell during the game. According to the deposition testimony of the camp director, Nolan Walker, the camp hired a private landscaping company to maintain the field. Additionally, in the two weeks leading up to the date of the accident, he did not observe any defects in the field.

Schools or camps are not insurers of the safety of their students or campers, as they "cannot reasonably be expected to continuously supervise and control all of their movements and activities" (*Cohn v Board of Educ. of Three Vil. Cent. School Dist.*, 70 AD3d 622, 623 [2010]; *see Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Rather, schools and camps owe a duty to supervise their charges and will only be held liable for foreseeable injuries proximately caused by the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d at 49; *Doe v Department of Educ. of City of N.Y.*, 54 AD3d 352, 353 [2008]; *Paca v City of New York*, 51 AD3d 991, 992 [2008]). Moreover, even if an issue of fact exists as to negligent supervision, liability does not lie absent a showing that such negligence proximately caused the injuries sustained (*see Odekirk v Bellmore-Merrick Cent. School Dist.*, 70 AD3d 910 [2010]; *Siegell v Herricks Union Free School Dist.*, 7 AD3d 607 [2004]). "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment[ ] in favor of the . . . defendant[ ] is warranted" (*Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]; *see Odekirk v Bellmore-Merrick Cent. School Dist.*, 70 AD3d 910 [2010]; *Paca v City of New York*, 51 AD3d at 993; *Capotosto v Roman Catholic Diocese of Rockville Ctr.*, 2 AD3d 384, 385-386 [2003]).

The defendant made a prima facie showing of its entitlement to judgment as a matter of law. It established, by way of Devante's deposition testimony, that it did not negligently supervise him during the soccer game in which he was injured (*see Mirand v City of New York*, 84 NY2d at 49; *Calcagno v John F. Kennedy Intermediate School*, 61 AD3d 911, 912 [2009]). It also established that it did not negligently maintain the soccer field where the accident occurred (*see Lopez v Freeport Union Free School Dist.*, 288 AD2d 355, 356 [2001]).

In response, the plaintiff failed to show the existence of a triable issue of fact. Devante's affidavit submitted in opposition to the motion merely raised a feigned issue of fact designed to avoid the consequences of his earlier deposition testimony, and thus was insufficient to defeat the defendant's motion for summary judgment dismissing the complaint (*see Denicola v*

*Costello*, 44 AD3d 990 [2007]). The affidavit of Devante's mother, the plaintiff, Nikki Harris, also was insufficient to defeat the defendant's motion, as she did not have personal knowledge of the facts underlying the claim and relied upon inadmissible hearsay in her averments (*see New S. Ins. Co. v Dobbins*, 71 AD3d 652 [2010]).

The plaintiff's expert's affidavit also was insufficient to raise a triable issue of fact as to whether the defendant's failure to provide Devante with shin guards constituted negligence. The affidavit improperly relies on the version of the events set forth in Devante's affidavit in opposition to the motion and not upon his deposition testimony. Furthermore, in concluding that the defendant summer camp was negligent in failing to provide Devante with shin guards during the soccer game, the expert failed to allege that sleepaway summer camps generally provide shin guards to campers during informal soccer games like the one at issue (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 545 [2002]; *Walker v Commack School Dist.*, 31 AD3d 752 [2006]). Nor does he allege, based upon his personal knowledge or experience, that the rules of college, high school, or youth soccer leagues, which he contends require the use of shin guards, have been implemented by or are the generally accepted practice in informal summer camp soccer games such as the one in which Devante was injured (*see Diaz v New York Downtown Hosp.*, 99 NY2d at 545; *Walker v Commack School Dist.*, 31 AD3d 752 [2006]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). Rivera, J.P., Florio, Angiolillo and Lott, JJ., concur.