■ BRANDONLEE TORRES et al., Appellants, v CITY OF NEW YORK et al., Defendants, and BEGINNING WITH CHILDREN CHARTER SCHOOL et al., Respondents. [934 NYS2d 871]—

In September 2006 the infant plaintiff was 13 years old and a student at the Beginning with Children Charter School (hereinafter BWC) in Brooklyn. On September 15, 2006, while the infant plaintiff was in a gymnasium during a physical education class, he allegedly was struck in the eye with a tennis ball. The class was being supervised by a substitute teacher employed by Tempositions, Inc., doing business as School Professionals (hereinafter Tempositions). The plaintiffs commenced this action against BWC and Tempositions, among others, to recover damages for personal injuries allegedly caused as a result of the accident.

The Supreme Court properly granted those branches of the separate motions of BWC and Tempositions which were for summary judgment dismissing the complaint insofar as asserted against each of them. "[A] teacher owes it to his [or her] charges to exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994] [internal quotation marks omitted]). "Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore schools are not to be held liable for every thoughtless or careless act by which one pupil may injure another" (*id.* at 49 [internal quotation marks omitted]). "[T]o impose liability . . . based on inadequate supervision, the injuries to the plaintiff must have been foreseeable and proximately related to the absence of adequate supervision" (*Nash v Port Wash. Union Free School Dist.*, 83 AD3d 136, 149 [2011] [internal quotation marks omitted]). Here, BWC and Tempositions each made a prima facie showing of their entitlement to judgment as a matter of law, establishing, prima facie, that the substitute teacher provided adequate supervision, and that any alleged inadequacy in the level of supervision was not a proximate cause of the accident (*see Mirand v City of New York*, 84 NY2d at 50-51; *Schleef*

*v Riverhead Cent. School Dist.*, 80 AD3d 743 [2011]; *Paragas v Comsewogue Union Free School Dist.*, 65 AD3d 1111, 1111-1112 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact.

In light of our determination, we need not reach BWC's remaining contentions. Angiolillo, J.P., Lott, Austin and Cohen, JJ., concur. **[Prior Case History: 27 Misc 3d 1205(A), 2010 NY Slip Op 50551(U).]**