■ GREGORY GIBBONS, an Infant, by His Parent and Natural Guardian, SCOTT GIBBONS, et al., Respondents, v PINE BUSH CENTRAL SCHOOL DISTRICT, Appellant. [948 NYS2d 664]—

The infant plaintiff allegedly sustained personal injuries when he was struck in the right eye by a shuttlecock while playing badminton during his high school physical education class. The infant plaintiff and his father, suing derivatively, commenced this action against the defendant. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint.

The Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. At his deposition, the infant plaintiff described the activity as trying to spike the shuttlecock to a place away from the other player, in order to score points. This testimony established that the infant plaintiff was struck by an errant shot. The defendant established, prima facie, that it properly supervised the infant plaintiff (*see Mirand v City of New York*, 84 NY2d 44 [1994]). In any event, the plaintiff was injured by an errant shot of the shuttlecock that occurred in such a short period of time that any alleged lack of supervision was not a proximate cause of the infant plaintiff's injuries (*see Torres v City of New York*, 90 AD3d 1029 [2011]; *Odekirk v Bellmore-Merrick Cent. School Dist.*, 70 AD3d 910 [2010]; *Ronan v School Dist. of City of New Rochelle*, 35 AD3d 429 [2006]; *see also Spaulding v Chenango Val. Cent. School Dist.*, 68 AD3d 1227 [2009]; *Hernandez v Castle Hill Little League*, 256 AD2d 241 [1998]).

In opposition, the plaintiffs failed to raise a triable issue of fact. The affidavit of the plaintiffs' expert submitted in opposition to the motion was insufficient to raise a triable issue of fact as to whether the defendant was negligent in failing to provide the infant plaintiff with protective eye gear, as there was no evidence to show that a recommendation to use such gear reflected a generally accepted standard or practice in high school (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]; *Harris v Five Point Mission—Camp Olmstedt*, 73 AD3d 1127 [2010]; *Walker v Commack School Dist.*, 31 AD3d 752 [2006]).

The plaintiffs' remaining contentions need not be reached in light of our determination. Skelos, J.P., Dillon, Leventhal and Sgroi, JJ., concur.