ALAMINE ALAMI BINANI, an Infant, by Her Father and Natural Guardian, ABDELILAH ALAMI BINANI, et al., Appellants, v CITY OF NEW YORK, Defendant, and NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [16 NYS3d 610]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered April 15, 2014, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Department of Education.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff allegedly was injured during a gym class when he was struck by a bat swung by a fellow student taking a practice swing during a wiffle ball game. The infant plaintiff was struck in between innings as he was jogging towards first base. Subsequently, the infant plaintiff, and his father suing derivatively, commenced this action against, among others, the defendant New York City Department of Education (hereinafter the Department of Education). The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Department of Education.

"[A] school owes a common-law duty to adequately supervise its students" (*Stephenson v City of New York*, 19 NY3d 1031, 1033 [2012]). "Schools are not insurers of safety, however, for

they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable 'for every thoughtless or careless act by which one pupil may injure another' " (*Mirand v City of New York*, 84 NY2d 44, 49 [1994], quoting *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 306 [1965]). "[T]o impose liability . . . based on inadequate supervision, the injuries to the plaintiff must have been foreseeable and proximately related to the absence of adequate supervision" (*Nash v Port Wash. Union Free School Dist.*, 83 AD3d 136, 149 [2011] [internal quotation marks omitted]; *see Torres v City of New York*, 90 AD3d 1029, 1030 [2011]).

Here, the Department of Education established its prima facie entitlement to judgment as a matter of law by demonstrating that it adequately supervised the infant plaintiff and that, in any event, the accident was caused by a spontaneous and unforeseen act which could not have been prevented by any reasonable degree of supervision (*see Mirand v City of New York*, 84 NY2d at 49-50; *Odekirk v Bellmore-Merrick Cent. School Dist.*, 70 AD3d 910, 911 [2010]; *Mayer v Mahopac Cent. School Dist.*, 29 AD3d 653, 654 [2006]; *Siegell v Herricks Union Free School Dist.*, 7 AD3d 607, 609 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see David v County of Suffolk*, 1 NY3d 525, 526 [2003]; *Troiani v White Plains City School Dist.*, 64 AD3d 701, 702 [2009]; *Scarito v St. Joseph Hill Academy*, 62 AD3d 773, 775 [2009]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Department of Education. Rivera, J.P., Balkin, Miller and LaSalle, JJ., concur.