Zalewski v East Rochester Bd. of Educ. (2021 NY Slip Op 02700)





Zalewski v East Rochester Bd. of Educ.


2021 NY Slip Op 02700


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


1224 CA 20-00633

[*1]ALEXANDER ZALEWSKI, PLAINTIFF-RESPONDENT,
v
EAST ROCHESTER BOARD OF EDUCATION AND EAST ROCHESTER UNION FREE SCHOOL DISTRICT, DEFENDANTS-APPELLANTS. 






OSBORN, REED & BURKE, LLP, ROCHESTER (RICHARD C. BRISTER OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
DOLCE PANEPINTO, P.C., BUFFALO (SEAN E. COONEY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered August 23, 2019. The order denied the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this negligence action, plaintiff seeks damages for injuries he sustained while participating in a water polo game as part of a physical education class at East Rochester Junior/Senior High School. During that game, plaintiff was injured when his head hit the bottom of the swimming pool after contact occurred between him and another student while plaintiff was attempting to gain control of the ball. In the complaint, as amplified by the bill of particulars, plaintiff alleged that defendants were negligent in, inter alia, supervising and directing students in the pool and allowing students to engage in inappropriate activities. Defendants now appeal from an order denying their motion for summary judgment dismissing the complaint, and we affirm.
Although schools are not insurers of the safety of their students, they have a duty to provide adequate supervision for them and will be held liable when students sustain foreseeable injuries proximately related to the school's breach of that duty (see Mirand v City of New York, 84 NY2d 44, 49 [1994]). "In carrying out that duty, schools are obligated to exercise such care of their students as a parent of ordinary prudence would observe in comparable circumstances" (Milbrand v Kenmore—Town of Tonawanda Union Free School Dist., 49 AD3d 1341, 1342 [4th Dept 2008] [internal quotation marks omitted]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Mirand, 84 NY2d at 49). "Actual or constructive notice to the school of prior similar conduct is generally required because, obviously, school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily" (id.). Generally, whether a school has failed to fulfill its duty and whether that failure was a proximate cause of the injury are questions of fact reserved for the jury (see Oakes v Massena Cent. School Dist., 19 AD3d 981, 982 [3d Dept 2005]).
Here, we conclude that defendants failed to meet their initial burden inasmuch as their own submissions on the motion raise triable issues of fact whether they engaged in negligent supervision and whether that negligence was a proximate cause of plaintiff's injuries. While defendants' submissions established that the physical education teacher who supervised water [*2]polo had modified the typical rules thereof to prevent contact, defendants' papers raise issues of fact whether those rules were enforced, the water polo game as modified was safe and age-appropriate, and the supervision of the game was reasonable under the circumstances. Among other things, defendants submitted the deposition of the physical education teacher, wherein he provided conflicting testimony as to whether he actually allowed contact during the water polo game and whether he allowed students to take the ball from each other. His testimony therefore created an issue of fact whether defendants had notice of students engaging in dangerous conduct similar to the conduct that caused plaintiff's injuries and, thus, whether such conduct was preventable (see id.). We therefore conclude that defendants failed to establish their entitlement to judgment as a matter of law (see id.)
Inasmuch as defendants failed to meet their initial burden, we do not address the sufficiency of plaintiff's opposing papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court