Cristofari v North Shore Cent. Sch. Dist. (2025 NY Slip Op 02185)

Cristofari v North Shore Cent. Sch. Dist.

2025 NY Slip Op 02185

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-12254
 (Index No. 612621/21)

[*1]Michael Cristofari, respondent, 
v
North Shore Central School District, et al., appellants, et al., defendants.

Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale, NY (Kathleen D. Foley of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Gennaro Savastano of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants North Shore Central School District and North Shore High School appeal from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered December 4, 2023. The order denied the motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants North Shore Central School District and North Shore High School for summary judgment dismissing the complaint insofar as asserted against them is granted.
In March 2021, the plaintiff, a high school quarterback, allegedly was injured during football practice when a teammate collided with his leg during a no-contact drill. Three coaches were present at the practice, one of whom issued multiple warnings to players to stay away from the quarterback, including one warning approximately two seconds prior to the incident.
In October 2021, the plaintiff commenced this action against, among others, the defendants North Shore Central School District and North Shore High School (hereinafter together the defendants), alleging, inter alia, negligent supervision. After the conclusion of discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the grounds that they provided adequate supervision of the football practice and the incident occurred in such a short span of time that any alleged lack of supervision was not a proximate cause of the plaintiff's injuries. However, the defendants did not argue in their moving papers that the action was barred by the doctrine of primary assumption of risk. The Supreme Court denied the motion. The defendants appeal. We reverse.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Duffy v Long Beach City Sch. Dist., 134 AD3d 761, 762 [internal quotation marks omitted]; see Acosta v Yonkers Pub. Schs., 228 AD3d 711, 711). However, "[s]chools are not insurers of safety . . . for they cannot reasonably be expected to continuously supervise and control [*2]all movements and activities of students" (Acosta v Yonkers Pub. Schs., 228 AD3d at 711 [internal quotation marks omitted]). "Even assuming there is a triable issue of fact as to the adequacy of supervision, liability for any such negligent supervision does not lie absent a showing that it constitutes a proximate cause of the injury sustained" (Odekirk v Bellmore-Merrick Cent. School Dist., 70 AD3d 910, 911 [internal quotation marks omitted]). "When an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, lack of supervision is not the proximate cause of the injury" (K.B. v City of New York, 166 AD3d 744, 745; see Odekirk v Bellmore-Merrick Cent. School Dist., 70 AD3d at 911).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they provided adequate supervision to the plaintiff during football practice (see Perez v Comsewogue Sch. Dist., 141 AD3d 577) and, in any event, that any alleged lack of supervision was not a proximate cause of the plaintiff's injuries (see K.B. v City of New York, 166 AD3d at 745). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
In light of our determination, we do not reach the parties' remaining contentions.
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court