Z.R. v Schenectady City Sch. Dist. (2025 NY Slip Op 04137)

Z.R. v Schenectady City Sch. Dist.

2025 NY Slip Op 04137

Decided on July 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 10, 2025

CV-24-1018
[*1]Z.R., an Infant, by Miles Rozier, Individually and as Guardian of Z.R., Respondent,
v
Schenectady City School District, Appellant.

Calendar Date:May 28, 2025

Before:Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Levi W. Jenkins of counsel), for appellant.
Finkelstein & Partners, LLP, Newburgh (James W. Shuttleworth III of counsel), for respondent.

Lynch, J.
Appeal from an order of the Supreme Court (Thomas Buchanan, J.), entered May 21, 2024 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.
On September 23, 2021, fourth-grade student Z.R. (hereinafter the child) broke her ankle while playing an organized tag game during a physical education class held in the gymnasium of one of defendant's elementary schools. The child's mother, individually and derivatively, commenced this action for damages.[FN1] The complaint asserted a claim for negligent supervision based upon the gym teacher's decision to allow the child to participate in the activity while wearing UGG boots and alleged that the gym floor, which was refinished in the weeks prior to the accident, was unduly slippery and unsafe. In a subsequent bill of particulars, plaintiff asserted claims sounding in statutory and regulatory violations.
Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, arguing, among other things, that there was no evidence of negligent supervision, the game was not dangerous or inappropriate, the accident occurred in "so short a span of time that even the most intense supervision" could not have prevented the injury, and the gym floor was in a safe condition for the activity. Supreme Court denied the motion, concluding that there were questions of facts as to whether the gym teacher negligently allowed the child to make her own determination about whether her footwear was suitable for the activity and, if so, whether this was a proximate cause of the injury. Defendant appeals.
While schools are "not insurers of safety" and "cannot reasonably be expected to continuously supervise and control all movements and activities of students," they have a general duty to "adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49 [1994]; accord Jaquin v Canastota Cent. Sch. Dist., 175 AD3d 1647, 1648 [3d Dept 2019]; Powers v Greenville Cent. Sch. Dist., 169 AD3d 1324, 1324-1325 [3d Dept 2019]). The duty owed by an elementary school teacher to his or her students is to "exercise such care . . . as a parent of ordinary prudence would observe in comparable circumstances" (Mirand v City of New York, 84 NY2d at 49 [internal quotation marks and citation omitted]). "Whether a school fulfilled [this] duty and whether any breach of such duty proximately caused the alleged injuries are generally issues for a jury to resolve" (Powers v Greenville Cent. Sch. Dist., 169 AD3d at 1325 [citation omitted]).
As plaintiff concedes in his brief, the issue is not whether the tag game was a dangerous activity but whether defendant was negligent in allowing the child to participate wearing inappropriate footwear, i.e., ankle-length UGG boots instead of sneakers. During her deposition, the child testified that [*2]she was the last remaining contestant and fell trying to avoid a tag. Although the child did not know the specifics of what caused her to fall, she clarified that she had not been pushed or tagged, and that "all [she] k[new] is [that she] fell to the floor." The child recalled that, before the game, the gym teacher asked her if she had sneakers with her and, when she explained that she had left them at home, he told her to "be careful when [she was] running . . . don't get hurt while . . . playing tag with boots on." The child "[did not] know" whether the boots, which had a rubber sole, contributed to her fall.
In his deposition, the gym teacher testified that the gym's hardwood floor was refinished around Labor Day of 2021 and that physical education classes began once the curing period was completed. He did not have any concerns about the floor's safety, revealing that, on the date of the subject accident, he had already supervised two physical education classes without issue. The gym teacher testified that he performed a visual assessment of the students before starting the game to determine whether they were wearing safe footwear. He explained that, at that time, there was no rule prohibiting students from participating in athletic activities with rubber-soled boots on if they wanted to and "if it was safe." He also explained that if the footwear "looks like something might not be . . . really safe, then I'll give them the option to sit out." The gym teacher was aware that the child was wearing UGG boots but did not check to see whether the soles of the boots were worn out. He observed the accident, stating that the child "just dropped" while she was running, and that it did not look like she slipped but that her "ankle gave out."
In these circumstances, defendant did not satisfy its prima facie burden to submit evidentiary proof in admissible form "demonstrating the absence of any material issues of fact" on the negligent supervision claim (Reed v New York State Elec. & Gas Corp., 183 AD3d 1207, 1209 [3d Dept 2020] [internal quotation marks and citation omitted]). Defendant's submissions revealed triable issues of fact regarding whether a reasonably prudent parent in the gym teacher's position would have allowed the child to make the determination as to whether it was safe for her to participate in the game and whether her footwear was a proximate cause of the child's fall (see Genova v Town of Clarkston, 195 AD3d 598, 600 [2d Dept 2021]; Zalewski v East Rochester Bd. of Educ., 193 AD3d 1426, 1429 [4th Dept 2021]; see generally Powers v Greenville Cent. Sch. Dist., 169 AD3d at 1326). Taken together, the testimony of the child and the gym teacher reveal that the teacher knew the child could potentially hurt herself wearing the UGG boots and yet allowed her to play with only a warning to be careful. Thus, Supreme Court properly denied defendant's motion relative to the common-law negligent supervision claim.
That said, Supreme Court should have [*3]granted defendant summary judgment dismissing any claims sounding in statutory and regulatory violations. As noted, plaintiff's bill of particulars alleged violations of the Education Law, the Property Maintenance Code of the State of New York, and the NYCRR. Defendant's motion for summary judgment argued that none of the statutory and regulatory provisions cited had been violated and plaintiff did not address that argument in his opposition papers. Nor does plaintiff address defendant's argument in this regard on appeal. Having failed to oppose so much of defendant's motion as sought summary judgment on such claims, that portion of the motion should have been granted (see Salamon v Alpine Acres Condominium, 172 AD3d 1668, 1670 [3d Dept 2019]; Genovese v Gambino, 309 AD2d 832, 833 [2d Dept 2003]). Finally, contrary to defendant's contention, there is no need to dismiss the claims originally brought by the child's mother in an individual capacity, as the caption has been amended to substitute the child's grandfather as the plaintiff.
Aarons, J.P., Ceresia, McShan and Powers, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by dismissing so much of the complaint sounding in violations of statutory and regulatory requirements; defendant's motion granted to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1: The child's mother subsequently passed away and plaintiff, the child's grandfather and guardian, was substituted in her place.