■ LEAH M. KNIGHTNER et al., Respondents, v WILLIAM FLOYD UNION FREE SCHOOL DISTRICT, Appellant. [857 NYS2d 726]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated July 24, 2007, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The infant plaintiff and her mother commenced this action against the defendant school district after the infant plaintiff was injured while playing dodge ball in gym class. The injury occurred when the infant plaintiff stepped backwards and tripped over another student's foot during the course of the game. The defendant's motion for summary judgment was denied by the Supreme Court on the ground that there were triable questions of fact as to whether the infant plaintiff's gym teacher provided adequate supervision. We reverse.

The defendant met its prima facie burden by demonstrating that the incident occurred so quickly that even the most intense supervision could not have averted the accident (see Mayer v Mahopac Cent. School Dist., 29 AD3d 653, 654 [2006]; Lopez v Freeport Union Free School Dist., 288 AD2d 355 [2001]; Convey v City of Rye School Dist., 271 AD2d 154, 160 [2000]).

In opposition, the plaintiffs failed to raise a triable issue of fact (see David v County of Suffolk, 1 NY3d 525, 526 [2003]; Ronan v School Dist. of City of New Rochelle, 35 AD3d 429 [2006]; Wuest v Board of Educ. of Middle Country Cent. School Dist., 298 AD2d 578 [2002]; Sangineto v Mamaroneck Union Free School Dist., 282 AD2d 596 [2001]; Checchia v Port Wash. U.F.S.D., 253 AD2d 839 [1998]). Accordingly, the defendant's motion for summary judgment should have been granted.

In view of the foregoing, we need not reach the plaintiffs' remaining contentions. Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur.