◼ Louis A. Paragas et al., Appellants, v Comsewogue Union Free School District, Respondent. [885 NYS2d 128]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Mayer, J.), dated May 16, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff allegedly was injured during gym class when he accidentally collided with another student during a game. The infant plaintiff was six years old and in first grade at the time. The plaintiffs brought this action against the defendant, Comsewogue Union Free School District, to recover damages for injuries allegedly caused as a result of negligent supervision. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

A school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent (*see Mirand v City of New York,* 84 NY2d 44, 49 [1994]). A school, however, is not an insurer of its students' safety and will be held liable only for foreseeable injuries proximately related to the absence of adequate supervision (*see Paca v City of New York,* 51 AD3d 991, 992 [2008]; *Janukajtis v Fallon,* 284 AD2d 428, 429 [2001]).

Here, the defendant made a prima facie showing of entitlement to summary judgment, establishing, as a matter of law, that it provided adequate supervision and, in any event, that any alleged inadequacy in the level of supervision was not a proximate cause of the accident (*see Ronan v School Dist. of*

*City of New Rochelle,* 35 AD3d 429 [2006]; *Siegell v Herricks Union Free School Dist.,* 7 AD3d 607 [2004]). The defendant submitted evidence that, among other things, the 19 children in the infant plaintiff's gym class were playing an age-appropriate game under the supervision of a teacher with several years of experience, that the collision was inadvertent, and that more intense supervision would not have prevented the spontaneous and accidental collision of the two children (*see Doyle v Binghamton City School Dist.,* 60 AD3d 1127 [2009]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the supervision was inadequate or whether any alleged inadequacy in the level of supervision was a proximate cause of the accident (*see De Los Santos v New York City Dept. of Educ.,* 42 AD3d 422 [2007]; *Botti v Seaford Harbor Elementary School Dist. 6,* 24 AD3d 486 [2005]). The plaintiffs failed to offer any evidence that more intense supervision might have prevented the accidental collision (*see Doyle v Binghamton City School Dist.,* 60 AD3d at 1127). Therefore, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Florio, Dickerson and Austin, JJ., concur.