■ Sean Bramswig, Respondent, v Pleasantville Middle School et al., Appellants. [891 NYS2d 160]—

The plaintiff Sean Bramswig was a 12-year-old seventh grader at the defendant Pleasantville Middle School at the time of the subject occurrence, and allegedly sustained injuries when a teammate struck him in the mouth with a hockey stick during a game of floor hockey. There is no evidence that the plaintiff was intentionally hit with the stick. At his deposition, the plaintiff testified that a teammate had lifted his stick above his waist prior to striking him in the mouth with the stick. The plaintiff's gym teacher testified at his deposition that he had instructed the students prior to the commencement of the game, as well as at the beginning of each gym class, that the practice of "highsticking," which he described as lifting the hockey stick above one's waist, was prohibited while playing floor hockey.

In their motion for summary judgment, the defendants

argued, inter alia, that they had provided adequate supervision and instruction to the plaintiff and other participants regarding the floor hockey game. In opposition, the plaintiff argued, among other things, that there was a triable issue of fact as to whether the plaintiff had been adequately instructed as to what constituted a violation of the prohibited practice of the "highsticking" rule, i.e., whether the rule prohibited a player from lifting the hockey stick above his or her waist, or above his or her knees. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, except insofar as is sought dismissal of so much the first cause of action as was premised upon negligent instruction.

The defendants demonstrated their prima facie entitlement to judgment as a matter of law with regard to so much of the cause of action as was premised upon negligent instruction. In opposition, the plaintiff failed to raise a triable issue of fact. Even if proper instruction consisted of advice that hockey sticks should not be lifted above the knees, as opposed to above the waist, the person who struck the plaintiff lifted his stick above his waist, thus violating the rule regardless of the interpretation of the rule. Accordingly, the proximate cause of the plaintiff's injuries was not the defendants' alleged failure to issue a proper instruction regarding the act of "highsticking" (*see generally Paragas v Comsewogue Union Free School Dist.*, 65 AD3d 1111 [2009]; *cf. Mei Kay Chan v City of Yonkers*, 34 AD3d 540 [2006]).

Consequently, the defendants were entitled to summary judgment dismissing so much of the first cause of action as was premised upon negligent instruction (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The plaintiff's remaining contentions are without merit. Covello, J.P., Santucci, Chambers and Hall, JJ., concur.