*663 OPINION OF THE COURT
Joseph C. Pastoressa, J.
Ordered that the motion by the defendants Central Islip Union Free School District and Otis R Scerbo for an order pursuant to CPLR 3212 granting summary judgment dismissing the complaint is granted.
This is an action to recover damages for personal injuries allegedly sustained by the plaintiff, a high school senior in the defendant Central Islip Union Free School District, while he participated in a game of floor hockey during his physical education class. His teacher at the time, the defendant Otis R. Scerbo, was also playing in the game. The injury happened when Scerbo’s hockey stick made contact with the plaintiffs right hand as Scerbo was attempting to shoot the ball into the goal. In the complaint, the plaintiff alleges that the defendants negligently supervised the physical education class in allowing an adult teacher to participate in the floor hockey game, and in failing to provide adequate protective equipment for the students.
The defendants now move for an order granting summary judgment on grounds that they did not breach any duty to the plaintiff by allowing Scerbo to participate in the hockey game, and that plaintiff has failed to submit any admissible evidence that the District was negligent for the failure to provide protective equipment. The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). The burden then shifts to the party opposing the motion, which must produce evidentiary proof in admissible form sufficient to require a trial of the material issues of fact (Roth v Barreto, 289 AD2d 557 [2d Dept 2001]; Rebecchi v Whitmore, 172 AD2d 600 [2d Dept 1991]; O’Neill v Town of Fishkill, 134 AD2d 487 [2d Dept 1987]). Furthermore, the parties’ competing interests must be viewed “in a light most favorable to the party opposing the motion” (Marine Midland Bank v Dino & Artie’s Automatic Transmission Co., 168 AD2d 610, 610 [2d Dept 1990]).
In support of their motion, the defendants have submitted, inter alia, copies of the pleadings, and transcripts of the testimony given by the parties. The plaintiff testified at a General Municipal Law § 50-h hearing on September 30, 2009, and *664 he was deposed on August 30, 2010. His testimony was essentially the same at both proceedings and can be summarized as follows: on the date of the accident he was participating in a game of floor hockey as part of his gym class. He was dressed in jeans, sneakers and a t-shirt, and had no protective equipment on. The plaintiff testified Scerbo and the plaintiff were playing on opposite teams because they were the only males present. The plaintiff further stated that the girls on each team “weren’t really doing nothing, they were just standing by the goal[s].” Regarding the events just prior to the injury occurring, the plaintiff testified that Scerbo was setting up to take a slap shot, that he rushed over to Scerbo to block the slap shot, and Scerbo’s stick struck the plaintiffs right hand.
Scerbo was deposed on August 30, 2010. He testified that prior to playing each sport, he reviewed the rules and skills needed with each class. During the class in question, the game was 3-on-3, including goalies. He further stated that he and the plaintiff were on opposite teams, with two female students on each team, and one of the female students on each team was playing goalie. He testified that the accident occurred when he went to take a shot and the plaintiff attempted to block the shot and Scerbo’s stick came into contact with the plaintiffs hand. When a student is voluntarily involved in an extracurricular sport, the school district owes a lesser duty to “exercise ordinary reasonable care to protect student [s] . . . from unassumed, concealed, or unreasonably increased risks” (Lomonico v Massapequa Pub. Schools, 84 AD3d 1033, 1034 [2d Dept 2011] [internal quotation marks omitted], quoting Benitez v New York City Bd. of Educ., 73 NY2d 650, 654 [1989]). However, here the record reveals that the plaintiff was participating in a compulsory physical education class. It is well settled that “[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision” (Mirand v City of New York, 84 NY2d 44, 49 [1994]). Generally, the duty owed by a school district is to exercise the same degree of care that a “parent of ordinary prudence would observe in comparable circumstances” (id., quoting Hoose v Drumm, 281 NY 54, 58 [1939] [internal quotation marks omitted]; Benitez v New York City Bd. of Educ.; Lomonico v Massapequa Pub. Schools).
Even applying this more exacting duty of care, the participation of a teacher in an athletic activity is not a violation of the duty of supervision if his or her conduct does not expose the *665 student to any unreasonable risks (Hamill v Town of Southampton, 261 AD2d 361 [2d Dept 1999]). The plaintiffs claim that Scerbo’s participation in the game of floor hockey exposed the plaintiff to an unreasonable risk of harm is completely and utterly unsupported by even a scintilla of admissible proof. The plaintiff offers only utter speculation and conjecture whether Scerbo’s participation resulted in the inadequate supervision of the students or whether his participation allowed or caused the plaintiff to be exposed to an unreasonable risk of harm. Indeed, the uncontroverted evidence is directly to the contrary. The mechanism of injury in the case at bar is no different than those of the now legion of cases here in the Second Department absolving school districts from liability where the injury causing incident occurs nearly spontaneously and without any opportunity to intercede to prevent same no matter how diligent and focused the supervision, and the court cites as one example a case involving a child’s sudden fall from a “monkey bar” apparatus at a playground; but there are also cases directly on point involving injuries caused by the sudden swing of a hockey stick (see Bramswig v Pleasantville Middle School, 68 AD3d 1035 [2d Dept 2009]; Spaulding v Chenango Val. Cent. School Dist., 68 AD3d 1227 [3d Dept 2009]). So too, in the case at bar, it is uncontroverted that the plaintiff’s hand was suddenly struck when he attempted to block a shot. There is absolutely no evidence whatsoever raising any issue of fact that the teacher’s participation in the game, and more particularly his taking of the shot that led to plaintiffs injury, was in any way negligent conduct on the teacher’s part or a result of a superior skill set of the teacher wherein it could be said that the teacher should not have participated in the game or could have prevented this sudden and unanticipated occurrence had he been supervising rather than playing, or any other basis upon which to conclude negligence. The record shows only that it was a shot taken as any player would take whether teacher or student. A motion for summary judgment cannot be denied on the basis of wholly unsupported conjecture.
Similarly unsupported and without merit is the plaintiff’s claim that the defendants failed to provide adequate protective equipment to the students.
Accordingly, the defendants’ motion for summary judgment is granted, and the complaint dismissed.