In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 13, 2012, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is denied.
The plaintiffs commenced this action after the infant plaintiff allegedly was injured during a school gym class when she fell while walking backwards in an accelerated manner. The defendants moved for summary judgment dismissing the complaint, submitting, in support thereof, the infant plaintiffs testimony from the General Municipal Law § 50-h hearing and her deposition testimony. In opposition to the motion, the infant plaintiff submitted her own affidavit. The Supreme Court granted the motion.
Schools have a duty to adequately supervise children in their charge, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44, 49 [1994]; Talyanna S. v Mount Vernon City Sch. Dist., 97 AD3d 561 [2012]; Paca v City of New York, 51 AD3d 991 [2008]). Although it is not an insurer of children’s safety, a school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent (see Diana G. v Our Lady Queen of Martyrs Sch., 100 AD3d 592 [2012]; Paragas v Comsewogue Union Free School Dist., 65 AD3d 1111 [2009]).
Contrary to the defendants’ contention, the infant plaintiff s affidavit was sufficient to raise a triable issue of fact in opposition to their motion for summary judgment. At her deposition and in her affidavit, the infant plaintiff stated that on the day of the accident, she was experiencing “pain and instability” in her ankle, and that she made complaints concerning this condition to the teacher who was supervising the gym class. The infant plaintiff further averred that despite her complaints, the *586 teacher nevertheless insisted that she continue to participate in the gym exercises and that, as a result, she thereafter fell and sustained injuries.
Accordingly, the Supreme Court should have denied the defendants’ motion for summary judgment dismissing the compliant. Dillon, J.P, Angiolillo, Roman and Sgroi, JJ., concur.