■ JOSE GOMEZ, an Infant, by His Mother and Natural Guardian, CHRISTINA GOMEZ, et al., Appellants, v OUR LADY OF FATIMA CHURCH, Respondent. [986 NYS2d 550]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Taylor, J.), entered September 19, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff was injured when he allegedly fell while upon the defendant's school playground area. The infant plaintiff, by his mother, and his mother individually, commenced this action against the defendant, alleging a failure to adequately supervise the students. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Even if there is a triable issue of fact as to the adequacy of supervision, " 'liability for any such negligent supervision does not lie absent a showing that it constitutes a proximate cause of the injury sustained' " (*Mayer v Mahopac Cent. School Dist.*, 29 AD3d 653, 654 [2006], quoting *Lopez v Freeport Union Free School Dist.*, 288 AD2d 355, 356 [2001]; *see Siegell v Herricks Union Free School Dist.*, 7 AD3d 607, 608-609 [2004]; *Schlecker v Connetquot Cent. School Dist. of Islip*, 150 AD2d 548 [1989]). "[W]here . . . an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, lack of supervision is not [a] proximate cause of the injury" (*Soldano v Bayport-Blue Point Union Free School Dist.*, 29 AD3d 891, 891 [2006] [internal quotation marks omitted]; *see Walker v Commack School Dist.*, 31 AD3d 752 [2006]; *Mayer v Mahopac Cent. School Dist.*, 29 AD3d 653 [2006]).

Here, the defendant met its prima facie burden of demonstrating that the alleged inadequate supervision was not a proximate cause of the injuries sustained by the injured plaintiff. In opposition, the plaintiffs failed to raise a triable issue of fact as to causation (*see Scarito v St. Joseph Hill Academy*, 62 AD3d 773, 775 [2009]; *see also Odekirk v Bellmore-Merrick Cent. School Dist.*, 70 AD3d 910, 911 [2010]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Leventhal, Sgroi and Maltese, JJ., concur.