■ VITALY GOLDSCHMIDT, an Infant, by His Mother and Natural Guardian, MARINA GOLDSCHMIDT, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [1 NYS3d 204]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered November 7, 2012, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Department of Education.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The infant plaintiff, a ninth grader attending Halsey Junior High School, allegedly was injured when he exited the school at recess and tripped over the straps of the book bag that he was holding. The plaintiffs commenced this action against, among others, the defendant New York City Department of Education (hereinafter the DOE), alleging negligent supervision. The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE. The plaintiffs appeal.

Schools are under a duty to supervise students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44 [1994]; *Nash v Port Wash. Union Free School Dist.*, 83 AD3d 136, 146 [2011]; *see also Appell v Mandel*, 296 AD2d 514 [2002]). " 'Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students' " (*Nash v Port Wash. Union Free School Dist.*, 83 AD3d at 146, quoting *Mirand v City of New York*, 84 NY2d at 49). Moreover, where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury (*see Gomez v Our Lady of Fatima Church*, 117 AD3d 987 [2014];

*Gilman v Oceanside Union Free Sch. Dist.*, 106 AD3d 952, 953 [2013]).

Here, the defendants made a prima facie showing of the DOE's entitlement to judgment as a matter of law by establishing that any alleged inadequacy in the level of supervision was not a proximate cause of the accident (*see Rosborough v Pine Plains Cent. Sch. Dist.*, 97 AD3d 648, 649 [2012]; *Tanenbaum v Minnesauke Elementary School*, 73 AD3d 743 [2010]; *Ronan v School Dist. of City of New Rochelle*, 35 AD3d 429, 430 [2006]; *see also Paredes v City of New York*, 101 AD3d 424 [2012]; *Doyle v Binghamton City School Dist.*, 60 AD3d 1127, 1128 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether any alleged inadequacy in the level of supervision was a proximate cause of the accident (*see Gilman v Oceanside Union Free Sch. Dist.*, 106 AD3d at 953; *Paragas v Comsewogue Union Free School Dist.*, 65 AD3d 1111, 1112 [2009]; *Doyle v Binghamton City School Dist.*, 60 AD3d at 1128). Therefore, the Supreme Court properly awarded the DOE summary judgment dismissing the complaint insofar as asserted against it. Eng, P.J., Mastro, Roman and Miller, JJ., concur.