■ CARLOS SANTOS, an Infant, by His Mother and Natural Guardian, WENDY TORRES, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [30 NYS3d 258]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated October 21, 2014, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Board of Education.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 19, 2011, the infant plaintiff, who was then a seventh grade student attending Edward B. Shallow Junior High School in Brooklyn, allegedly was injured when he tripped and fell while participating in an obstacle course activity during gym class. The plaintiffs commenced this action against, among others, the defendant New York City Board of Education (hereinafter the BOE), alleging, inter alia, negligent supervision. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the BOE, and the plaintiffs appeal.

Schools are under a duty to supervise students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Nash v Port Wash. Union Free School Dist.*, 83 AD3d 136, 146 [2011]). " 'Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students' " (*Nash v Port Wash. Union Free School Dist.*, 83 AD3d at 146, quoting *Mirand v City of New York*, 84 NY2d at 49). Moreover, where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury (*see Goldschmidt v City of New York*, 123 AD3d 1087 [2014]; *Gomez v Our Lady of Fatima Church*, 117 AD3d 987 [2014]; *Gilman v Oceanside Union Free Sch. Dist.*, 106 AD3d 952, 953 [2013]).

Here, the BOE established its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The BOE demonstrated that it provided adequate supervision and instruction during the infant plaintiff's gym class (*see David v County of Suffolk*, 1 NY3d 525, 526 [2003]; *Bramswig v Pleasantville Middle School*, 68 AD3d 1035, 1036 [2009]). In any event, the BOE demonstrated that the alleged accident occurred in so short a span of time that even the most intense supervision could not have pre-

vented it, thereby negating any alleged lack of supervision as the proximate cause of the infant plaintiff's injuries (*see Gomez v Our Lady of Fatima Church*, 117 AD3d at 988; *Lowe v Meacham Child Care & Learning Ctr., Inc.*, 74 AD3d 1029, 1030 [2010]; *Troiani v White Plains City School Dist.*, 64 AD3d 701, 702 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the BOE. Rivera, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.