■ MORELIA T. PEREZ, an Infant, by Her Mother and Natural Guardian, DAMARIS PEREZ, et al., Respondents, v COMSEWOGUE SCHOOL DISTRICT et al., Appellants. [36 NYS3d 159]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated April 6, 2015, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On April 19, 2012, the infant plaintiff, then a fifth-grade student in the defendant Comsewogue School District at the defendant Terryville Elementary School, allegedly was injured during recess when she was struck in the eye by a ball that had been kicked by another student. At the time of the incident, the infant plaintiff, who had been diagnosed with a medical condition and was not allowed on the field area where sports were played at recess, was standing on a blacktop area of the playground where children were not permitted to engage in sporting activities and was in close proximity to her classroom aide and a substitute teacher. In November 2012, the plaintiffs commenced this action against the defendants, alleging, inter alia, negligent supervision. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We reverse.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Santos v City of New York*, 138 AD3d 968 [2016]). "Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable 'for every thoughtless or careless act by which one pupil may injure another' " (*Mirand v City of New York*, 84 NY2d at 49, quoting *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 306 [1965]; *see Begley v City of New York*, 111 AD3d 5, 31 [2013]; *Nash v Port Wash. Union Free School Dist.*, 83 AD3d 136, 146 [2011]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they provided adequate supervision to the infant plaintiff during recess (*see Troiani v White Plains City School Dist.*, 64 AD3d 701, 702 [2009]; *Calcagno v John F. Kennedy Intermediate School*, 61 AD3d 911, 912 [2009]; *Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.*, 289 AD2d 211 [2001]), and, in any event, that any alleged lack of supervision was not a proximate cause of the infant plaintiff's injuries (*see Gomez v Our Lady of Fatima Church*, 117 AD3d 987, 988 [2014]; *Mayer v Mahopac Cent. School Dist.*, 29 AD3d 653, 654-655 [2006]; *Aiello v Smithtown Cent. School Dist.*, 305 AD2d 435, 435 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Roman and Maltese, JJ., concur.