In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Diamond, J.), entered July 21, 2015, which granted the defendants’ motion for summary judgment dismissing the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 In September 2011, the plaintiff Christopher Tzimopoulos (hereinafter the infant plaintiff), then a third-grade student, allegedly was injured during school recess when another child accidentally collided with him as they ran to retrieve a ball during a game of “wall ball.” At the time of the accident, the infant plaintiff, who has cerebral palsy, was under the supervision of a special education aide who had been assigned to provide one-on-one assistance to him, and who was standing approximately 10 feet away from him. The children engaged in the game were also under the supervision of their physical education teacher.
 

 The infant plaintiff, by his father and natural guardian, and his father, individually, commenced this action alleging, inter alia, that the defendants were negligent in failing to provide adequate supervision, and in allowing the infant plaintiff to participate in the wall ball game. After depositions had been conducted, the defendants moved for summary judgment dismissing the complaint, contending that they provided adequate supervision to the children during recess, that the infant plaintiff’s Individualized Education Plan did not restrict him from playing during recess, and that, in any event, any alleged failure to provide adequate supervision was not a proximate cause of the infant plaintiff’s injuries because the collision occurred suddenly and unexpectedly. The Supreme Court granted the defendants’ motion, and the plaintiffs appeal.
 

 “Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision” (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Perez v Comsewogue Sch. Dist., 141 AD3d 577 [2016]). Schools are not, however, insurers of their students’ safety, and may not be held liable “ ‘for every thoughtless or careless act by which one pupil may injure another’ ” (Mirand v City of New York, 84 NY2d at 49, quoting Lawes v Board of Educ. of City of N.Y., 16 NY2d 302, 306 [1965]). Moreover, when an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not a proximate cause of the injury (see Santos v City of New York, 138 AD3d 968, 969 [2016]; Goldschmidt v City of New York, 123 AD3d 1087 [2014]; Gomez v Our Lady of Fatima Church, 117 AD3d 987 [2014]).
 

 Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they provided adequate supervision to the infant plaintiff during recess (see Perez v Comsewogue Sch. Dist., 141 AD3d at 578; Paragas v Comsewogue Union Free School Dist., 65 AD3d 1111, 1112 [2009]; Troiani v White Plains City School Dist., 64 AD3d 701, 702 [2009]) and, in any event, that the accident was caused by a sudden and spontaneous collision which could not have been prevented by more intense supervision (see Perez v Comsewogue Sch. Dist., 141 AD3d at 578; Santos v City of New York, 138 AD3d at 969; Brian O. v Riverhead Cent. School Dist., 95 AD3d 1086 [2012]; Paragas v Comsewogue Union Free School Dist., 65 AD3d at 1112; Doyle v Binghamton City School Dist., 60 AD3d 1127, 1128 [2009]; Ancewicz v Western Suffolk BOCES, 282 AD2d 632, 634 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint.
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.