Hurley v Brewster Cent. Sch. Dist. (2018 NY Slip Op 05291)





Hurley v Brewster Cent. Sch. Dist.


2018 NY Slip Op 05291


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-08197
 (Index No. 2584/13)

[*1]Jack Hurley, etc., et al., appellants, 
v
Brewster Central School District, respondent.


Feinstein & Naishtut, LLP, Rye Brook, NY (Steven D. Feinstein and Mitchell L. Perry of counsel), for appellants.
Henderson & Brennan, White Plains, NY (Lauren J. Demase of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Putnam County (Robert DiBella, J.), dated June 28, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The infant plaintiff and his parents commenced this action against the defendant, Brewster Central School District, to recover damages for personal injuries, alleging negligent supervision. At his hearing pursuant to General Municipal Law § 50-h and his deposition, the infant plaintiff testified that he became nauseous during his high school health class while watching a graphic documentary about the dangers of drunk driving. The infant plaintiff told his teacher that he did not feel well and obtained her permission to use the restroom. He never informed his teacher that he felt nauseous or dizzy. He left the classroom and walked about 30 feet before he suddenly fainted in the hallway. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiffs appeal.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see Santos v City of New York, 138 AD3d 968, 969). However, a school is not an insurer of its students' safety, and will be held liable only for foreseeable injuries proximately related to the absence of adequate supervision (see Santos [*2]v City of New York, 138 AD3d at 969; Nash v Port Wash. Union Free School Dist., 83 AD3d 136, 146). "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury" (Convey v City of Rye School Dist., 271 AD2d 154, 160; see Santos v City of New York, 138 AD3d at 969; Gomez v Our Lady of Fatima Church, 117 AD3d 987).
Here, the defendant met its prima facie burden for summary judgment by establishing that the accident occurred in so short a span of time that even the most intense supervision would not have prevented it (see Diaz v City of Yonkers, 103 AD3d 682; Atehortua v Lewin, 90 AD3d 794, 795-796). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court