Hinz v Wantagh Union Free Sch. Dist. (2018 NY Slip Op 07105)





Hinz v Wantagh Union Free Sch. Dist.


2018 NY Slip Op 07105


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-02007
2017-03630
 (Index No. 12277/14)

[*1]Kelly Hinz, etc., et al., appellants, 
v
Wantagh Union Free School District, respondent.


Joseph C. Andruzzi, Bethpage, NY, for appellants.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Christine Gasser of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered December 28, 2016, and (2) a judgment of the same court entered January 31, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment on the issue of liability and dismissing the defendant's first affirmative defense in its answer. The judgment, upon the order, is in favor of the defendant and against the plaintiffs dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On October 8, 2014, the infant plaintiff, who at the time was a fourth grade student at Wantagh Elementary School in the defendant, Wantagh Union Free School District (hereinafter the District), caught the tip of her left index finger in the hinge-side of a bathroom door as she was exiting the girls' bathroom, resulting in a crush amputation. At the time of the accident, the infant plaintiff, who was a Type I diabetic, had a one-on-one aide, but went unaccompanied to the girls' bathroom, with the permission of her classroom teacher. The infant plaintiff, by her mother, and her mother suing derivatively, commenced this action against the District to recover damages for personal injuries, alleging negligent maintenance of the door at issue and negligent supervision of the infant plaintiff. After joinder of issue, the District moved for summary judgment dismissing the complaint on the ground, inter alia, that the lack of an aide accompaniment to the bathroom at the time of the accident was not a proximate cause of the infant plaintiff's injuries. The plaintiffs opposed the District's motion and cross-moved for summary judgment on the issue of liability and dismissing the District's first affirmative defense in its answer. The Supreme Court granted the [*2]District's motion and denied the plaintiffs' cross motion. A judgment was subsequently entered, upon the order, which is in favor of the District and against the plaintiffs dismissing the complaint. The plaintiffs appeal from both the order and judgment.
We agree with the Supreme Court's determination to grant that branch of the District's motion which was for summary judgment dismissing the plaintiffs' cause of action to recover damages for negligent supervision. While a school district is not an insurer of the safety of its students, since it cannot reasonably be expected to continuously supervise and control all of their movements and activities, it has a duty to adequately supervise the students in its charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44, 49; Santos v City of New York, 138 AD3d 968, 969). Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the school defendant is warranted (see Guerriero v Sewanhaka Cent. High Sch. Dist., 150 AD3d 831, 832; Santos v City of New York, 138 AD3d at 969; Gilman v Oceanside Union Free Sch. Dist., 106 AD3d 952, 953). Here, the District made a prima facie showing of its entitlement to judgment as a matter of law by establishing that any alleged inadequacy in the level of supervision was not a proximate cause of the accident (see Tzimopoulos v Plainview-Old Bethpage Cent. Sch. Dist., 155 AD3d 987; Gilman v Oceanside Union Free Sch. Dist., 106 AD3d 952; Ancewicz v Western Suffolk BOCES, 282 AD2d 632; cf. Ferraro v North Babylon Union Free School Dist., 69 AD3d 559). In opposition, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination.
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court