K.B. v City of New York (2018 NY Slip Op 07710)





K.B. v City of New York


2018 NY Slip Op 07710


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-06420
 (Index No. 6677/10)

[*1]K.B. (Anonymous), etc., et al., appellants,
v
City of New York, et al., respondents.


Novick, Edelstein, Lubell, Reisman, Wasserman & Leventhal, P.C., Yonkers, NY
(Micheli I. Perez of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Aaron M. Bloom of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated March 4, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The infant plaintiff, a kindergarten student at Public School 161, by his father, individually and derivatively (hereinafter together the plaintiffs), commenced this action against the City of New York and the New York City Department of Education (hereinafter individually the DOE, and together the defendants) seeking to recover damages for injuries the plaintiffs alleged the infant plaintiff sustained on June 5, 2009, when a door in the school's gymnasium closed on one of his fingers. The plaintiffs asserted causes of action alleging negligent supervision and loss of services. Thereafter, in a bill of particulars dated May 2, 2012, the plaintiffs asserted an additional theory of liability alleging negligent maintenance of the subject door. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiffs appeal.
We agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the negligent supervision cause of action insofar as asserted against the City. As the plaintiffs correctly concede, the City cannot be held liable for torts committed by the DOE (see Matter of Allende v City of New York, 69 AD3d 931, 932).
We also agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the negligent supervision cause of action insofar as asserted against the DOE. Although schools have a duty to provide supervision to ensure the safety of those in their charge (see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302; Butera v Village of Bellport, 128 AD3d 995, 995), schools will be held liable only for foreseeable injuries proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44, 49; Santos v City of New York, 138 AD3d 968, 969). When an accident [*2]occurs in so short a span of time that even the most intense supervision could not have prevented it, lack of supervision is not the proximate cause of the injury (see Santos v City of New York, 138 AD3d at 969; Goldschmidt v City of New York, 123 AD3d 1087, 1087).
Here, the defendants made a prima facie showing of the DOE's entitlement to judgment as a matter of law dismissing the negligent supervision cause of action by establishing that any alleged inadequacy in the level of supervision was not a proximate cause of the accident (see Gilman v Oceanside Union Free Sch. Dist., 106 AD3d 952, 952-953; Donnelly v St. Agnes Cathedral Sch., 106 AD3d 773, 773-774). In opposition, the plaintiffs failed to raise a triable issue of fact (see Gilman v Oceanside Union Free Sch. Dist., 106 AD3d at 953; Paragas v Comsewogue Union Free School Dist., 65 AD3d 1111, 1112).
The plaintiffs' allegation that the subject door was negligently maintained does not defeat the defendants' motion. Since this theory of liability was not included in the notice of claim or the complaint (see Steins v Incorporated Vil. of Garden City, 127 AD3d 957, 959; Semprini v Village of Southampton, 48 AD3d at 544), and there was nothing in the notice of claim that would provide notice to the defendants about this allegation (see Hunter-Lawson v City of New York, 137 AD3d 864, 864-865; Moore v New York City Tr Auth, 189 AD2d 862, 863), it does not raise a triable issue of fact to defeat the defendants' motion for summary judgment. Furthermore, the plaintiffs did not seek leave to amend the notice of claim pursuant to General Municipal Law § 50-e (see Semprini v Village of Southampton, 48 AD3d at 544-545).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court