Chiauzzi v Sewanhaka Cent. High Sch. Dist. (2019 NY Slip Op 02310)





Chiauzzi v Sewanhaka Cent. High Sch. Dist.


2019 NY Slip Op 02310


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-01934
 (Index No. 1661/16)

[*1]Ashley Chiauzzi, appellant, 
v
Sewanhaka Central High School District, respondent.


Ciotti & Damm, LLP, Carle Place, NY (Harold F. Damm of counsel), for appellant.
Shein & Associates, Syosset, NY (Jeffrey S. Shein and Susan R. Nudelman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered December 27, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On April 27, 2011, at approximately noon, the plaintiff, who was then in the eighth grade, allegedly sustained injuries on the exterior grounds of the defendant's school during her lunch recess. A short fence, approximately the same height as the plaintiff's knees, separated a grass area from a concrete walkway. The plaintiff and two of her friends took turns running and jumping over this fence. The incident occurred approximately 10 to 15 minutes into this activity, after the plaintiff and her friends had each taken five or six turns jumping over the fence. As the plaintiff attempted to jump over the fence, the middle of her right shin struck the fence, causing her to fall on the concrete walkway. The plaintiff testified at a General Municipal Law § 50-h hearing and her deposition that she did not see any school personnel outside the school building either before or at the time of the incident. The plaintiff subsequently commenced this personal injury action against the defendant. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see Santos v City of New York, 138 AD3d 968, 969). However, "[s]chools are not insurers of safety, . . . for they cannot reasonably be expected to continuously supervise and control all movements and activities of students" (Mirand v City of New York, 84 NY2d at 49; see Paca v City of New York, 51 AD3d 991, 992). Here, the defendant established, prima facie, that the plaintiff was engaged in an age-appropriate activity that did not constitute dangerous play, and that the alleged lack of supervision was not a proximate cause of the accident (see Gattyan v Scarsdale Union Free School Dist. No. 1, 152 AD2d 650, 651-652). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the [*2]defendant's motion for summary judgment dismissing the complaint.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court