Jackson v Brentwood Union Free Sch. Dist. (2019 NY Slip Op 04921)





Jackson v Brentwood Union Free Sch. Dist.


2019 NY Slip Op 04921


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-00571
2018-08487
 (Index No. 16201/15)

[*1]Joe Jackson, etc., et al., appellants, 
v
Brentwood Union Free School District, respondent, et al., defendants.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel, Julie T. Mark, and Marcia Raicus of counsel), for appellants.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated November 6, 2017, and (2) a judgment of the same court entered December 11, 2017. The order granted the motion of the defendant Brentwood Union Free School District for summary judgment dismissing the complaint insofar as asserted against it. The judgment, upon the order, is in favor of that defendant, dismissing the complaint insofar as asserted against it.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Brentwood Union Free School District.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The infant plaintiff, then a fourth-grade student, was waiting in line in the gym to enter the boys' locker room when another student accidentally ran into his outstretched arm. The infant plaintiff fell and sustained a fractured wrist as a result. The plaintiffs commenced this action against the defendant Brentwood Union Free School District (hereinafter the school district), among others. The Supreme Court granted the school district's motion for summary judgment dismissing the complaint insofar as asserted against it, and judgment was entered in favor of the school district dismissing the complaint insofar as asserted against it. The plaintiff appeals.
"Schools are under a duty to adequately supervise the students in their charge" [*2](Mirand v City of New York, 84 NY2d 44, 49). "A school, however, is not an insurer of its students' safety, and will be held liable only for foreseeable injuries proximately related to the absence of adequate supervision" (Diaz v City of Yonkers, 103 AD3d 682, 683; see Mirand v City of New York, 84 NY2d at 49).
Here, the school district established, prima facie, that the other student's collision with the infant plaintiff's outstretched arm was inadvertent and unanticipated, and that no amount of supervision would have prevented the spontaneous and accidental collision (see Tzimopoulos v Plainview-Old Bethpage Cent. Sch. Dist., 155 AD3d 987, 988; Paragas v Comsewogue Union Free School Dist., 65 AD3d 1111, 1112). Therefore, any lack of supervision was not a proximate cause of the injury (see Tzimopoulos v Plainview-Old Bethpage Cent. Sch. Dist., 155 AD3d at 988; Paragas v Comsewogue Union Free School Dist., 65 AD3d at 1112). The plaintiffs failed to raise a triable issue of fact in opposition.
Accordingly, we agree with the Supreme Court's determination granting the school district's motion for summary judgment dismissing the complaint insofar as asserted against it.
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court