I.S. v City of New York (2019 NY Slip Op 06640)





I.S. v City of New York


2019 NY Slip Op 06640


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-07129
 (Index No. 150764/15)

[*1]I. S., etc., et al., appellants,
v
City of New York, et al., respondents.


The Blash Firm, PLLC, New York, NY (Stacy N. Baden of counsel), for appellants.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Melanie T. West of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated April 20, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The infant plaintiff allegedly was injured when she fell from the monkey bars at her school playground. The infant plaintiff, by her mother, and her mother suing derivatively, commenced this action against the defendants, alleging, inter alia, negligent supervision of the infant plaintiff and negligent maintenance of the playground equipment. The defendants moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court granted the motion. The plaintiffs appeal.
The defendants demonstrated, prima facie, that the monkey bars and the ground covering below them were not defective and were maintained in a reasonably safe condition on the date of the accident (see Yuan Gao v City of New York, 145 AD3d 939, 940; Gray v South Colonie Cent. Sch. Dist., 64 AD3d 1125, 1129; Padden v County of Suffolk, 52 AD3d 663, 664; Banks v Freeport Union Free School Dist., 302 AD2d 341). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendants were negligent in their maintenance of the playground equipment.
The defendants also demonstrated, prima facie, that they provided adequate supervision to the infant plaintiff at the time of the accident (see Perez v Comsewogue Sch. Dist., 141 AD3d 577, 578; Troiani v White Plains City School Dist., 64 AD3d 701, 702; Charles v City of Yonkers, 103 AD3d 765, 766; Berdecia v City of New York, 289 AD2d 354, 354-355) and, in any event, that any alleged lack of supervision was not a proximate cause of the infant plaintiff's injuries (see Perez v Comsewogue Sch. Dist., 141 AD3d at 578; Troiani v White Plains City School Dist., 64 AD3d at 702; Berdecia v City of New York, 289 AD2d at 355). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendants were negligent in their supervision of the infant plaintiff.
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court