G. A. v Garden City Union Free Sch. Dist. (2019 NY Slip Op 08814)





G. A. v Garden City Union Free Sch. Dist.


2019 NY Slip Op 08814


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2019-00519
 (Index No. 3326/16)

[*1]G. A., etc., et al., respondents, 
v
Garden City Union Free School District, appellant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellant.
Louis J. Cerrato, P.C., Garden City South, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered November 20, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the negligent supervision cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On February 24, 2015, the infant plaintiff, a student at Stratford Avenue School, which is part of the defendant Garden City Union Free School District, allegedly was injured when her hair became caught in a gap between a hand dryer and a wall, upon which the dryer had been installed. The infant plaintiff, by her mother and natural guardian, and her mother suing derivatively, commenced this action alleging that the defendant was negligent in its maintenance of the premises and in its supervision of the infant plaintiff. Following discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
With regard to the premises liability cause of action, the evidence submitted in support of the defendant's motion established, prima facie, that the defendant did not create or have actual or constructive notice of the alleged dangerous condition of the subject hand dryer (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Pilgrim v Avenue D Realty Co., 173 AD3d 788, 789-790; Hanney v White Plains Galleria, LP, 157 AD3d 660, 661). In opposition, the plaintiffs raised a triable issue of fact, inter alia, as to whether the defendant created the alleged dangerous condition through the installation of the hand dryer. Accordingly, we agree with the Supreme Court's determination denying that branch of the defendant's motion which was for summary judgment dismissing the premises liability cause of action.
However, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the negligent supervision cause of action. The defendant established its prima facie entitlement to judgment as a matter of law dismissing that cause [*2]of action by demonstrating that it adequately supervised the infant plaintiff (see B.K. v Meadow Dr. Sch., 170 AD3d 696, 697; Perez v Comsewogue Sch. Dist., 141 AD3d 577, 578; Troiani v White Plains City School Dist., 64 AD3d 701, 702), and, in any event, that any alleged lack of supervision was not a proximate cause of the infant plaintiff's injuries (see Perez v Comsewogue Sch. Dist., 141 AD3d at 578; Gomez v Our Lady of Fatima Church, 117 AD3d 987, 988). The defendant's submissions established that the incident occurred so quickly that it could not have been prevented by even the most intense supervision (see K.A. v City of New York, 169 AD3d 655, 656; Scavelli v Town of Carmel, 131 AD3d 688, 690). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court