S.T. v Island Park Union Free Sch. Dist. (2024 NY Slip Op 01743)

S.T. v Island Park Union Free Sch. Dist.

2024 NY Slip Op 01743

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-00501
 (Index No. 608876/20)

[*1]S. T. (Anonymous), et al., respondents,
v
Island Park Union Free School District, appellant.

Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale, NY (Michael T. Reagan of counsel), for appellant.
Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered January 19, 2022. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On March 15, 2019, the infant plaintiff, then a sixth-grade student, allegedly sustained personal injuries while participating in a game called "Steal the Bacon" during gym class. Each student, wearing a belt with a detachable flag hanging from it, was assigned to a team, and each team competed against another team. The gym teachers placed toy pigs, one for each team, on the gym floor near each other. A student would then line up across from a student on the opposing team, with the pigs located between them, at which point a teacher would blow a whistle to start the game. Each student was tasked with running to grab one of the pigs and then racing with the pig in hand to cross a line without losing the flag, thereby scoring a point for his or her team. Alternatively, the student could wait for the opposing team's student to grab a pig and then attempt to retrieve that student's flag before he or she crossed the line. The gym teachers instructed the students, among other things, that pushing and tackling were not permitted. At the time of the subject incident, the infant plaintiff was competing against a student from the other team when they collided with each other.
After serving a timely notice of claim, the infant plaintiff, by her mother and natural guardian, and her mother suing derivatively, commenced this action against the defendant, inter alia, to recover damages for personal injuries. The defendant thereafter moved for summary judgment dismissing the complaint. By order entered January 19, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
"A school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent" (Paragas v Comsewogue Union Free School Dist., 65 AD3d 1111, 1111; see David v County of Suffolk, 1 NY3d 525, 526). "However, schools . . . cannot reasonably [*2]be expected to continuously supervise and control all movements and activities of students" (Chiauzzi v Sewanhaka Cent. High Sch. Dist., 170 AD3d 1106, 1107 [alterations and internal quotation marks omitted]). "A school . . . is [therefore] not an insurer of its students' safety and will be held liable only for foreseeable injuries proximately related to the absence of adequate supervision" (Paragas v Comsewogue Union Free School Dist., 65 AD3d at 1111). "Moreover, where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury" (Santos v City of New York, 138 AD3d 968, 969).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that it provided adequate supervision and instruction during the infant plaintiff's gym class (see Paragas v Comsewogue Union Free School Dist., 65 AD3d at 1111; Santos v City of New York, 138 AD3d at 969). The infant plaintiff and her classmates were instructed "that there was to be no . . . tackling involved" in the game (Fulger v Capital Dist. YMCA, 42 AD3d 694, 695). Since the inadvertent collision occurred quickly and without warning, the defendant demonstrated that "more intense supervision would not have prevented the spontaneous and accidental collision of the two children" (Paragas v Comsewogue Union Free School Dist., 65 AD3d at 1112; see Knightner v William Floyd Union Free School Dist., 51 AD3d 876, 876).
Moreover, the defendant established that the infant plaintiff "was engaged in an age-appropriate activity that did not constitute dangerous play" (Chiauzzi v Sewanhaka Cent. High Sch. Dist., 170 AD3d at 1107; see Doyle v Binghamton City School Dist., 60 AD3d 1127, 1128-1129). "A parent of ordinary prudence would not invariably stop his [or her] children from" engaging in the type of game at issue here (Lawes v Board of Educ. of City of N.Y., 16 NY2d 302, 305), which was "normal play" for the infant plaintiff and her classmates (De Los Santos v New York City Dept. of Educ., 42 AD3d 422, 424, citing Botti v Seaford Harbor Elementary School Dist. 6, 24 AD3d 486, 486). Contrary to the plaintiff's contention, under the circumstances of this case, the defendant met its prima facie burden even without offering expert testimony (see Chiauzzi v Sewanhaka Cent. High School Dist., 170 AD3d at 1107; Paragas v Comsewogue Union Free School Dist., 65 AD3d at 1112; Knightner v William Floyd Union Free School Dist., 51 AD3d at 876; De Los Santos v New York City Dept. of Educ., 42 AD3d at 423-424; Fortunato v Dover Union Free School Dist., 224 AD2d 658, 658-659; cf. Justin F. v Yeled V'Yalda Early Childhood Ctr., Inc., 115 AD3d 789, 790).
In opposition, the plaintiff failed to raise a triable issue of fact (see Chiauzzi v Sewanhaka Cent. High Sch. Dist., 170 AD3d at 1107; Paragas v Comsewogue Union Free School Dist., 65 AD3d at 1112; Knightner v William Floyd Union Free School Dist., 51 AD3d at 876).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., MILLER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court